**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-2198-CM |
| ) | |
| **DARRELL S. MULLINAX,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This is an action on two promissory notes that defendant Darrell Mullinax executed to secure student loans. Defendant appears *pro se*. This matter is before the court on plaintiff's motion for summary judgment (Doc. 9). The court finds that summary judgment is appropriate and grants plaintiff's motion.

**I.    Factual Background**[1]

On January 28, 1991 and July 10, 1991, defendant signed applications and promissory notes for guaranteed student loans in the amounts of $3,000 and $3,500, both with an interest rate of eight percent. The loans secured by the two promissory notes were made under federally-funded loan programs authorized under Title IV-B of the Higher Education Act of 1965 (HEA), as amended, 20 U.S.C. § 1071, *et seq*. All right, title, and interest to the promissory notes were assigned to the Department of Education as reinsurer under the loan guaranty program authorized under the HEA.

Plaintiff claims that defendant failed to repay the loan amounts and is indebted to the United

---

[1] The court construes the facts in the light most favorable to defendant as the non-moving party pursuant to Fed. R. Civ. P. 56.

States in the principal sum of $7568.90, plus interest of $7506.65 through February 2, 2007, together with interest accruing at a rate of $1.66 per day until judgment. Plaintiff further asserts that defendant is indebted to the United States for interest on the notes after judgment at a rate set forth in 28 U.S.C. § 1961, and $350 for filing fee as allowed by 28 U.S.C. § 2412.

## II.    Judgment Standards

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Id.* (citing *Anderson*, 477 U.S. at 248).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Id.* at 670–71. In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* at 671 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256; *see*

*Adler*, 144 F.3d at 671 n.1 (concerning shifting burdens on summary judgment). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Anderson*, 477 U.S. at 256. Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

The court notes that summary judgment is not a "disfavored procedural shortcut"; rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

While this court understands plaintiff lacks formal legal training and accordingly deserves some latitude in his filings, his pro se status does not relieve him from complying with this court's procedural requirements. *Barnes v. United States*, 173 F. App'x 695, 697 (10th Cir. 2006) (citations omitted); *see also Santistevan v. Colo. Sch. of Mines*, 150 F. App'x 927, 931 (10th Cir. 2005) (holding that a pro se litigant must follow the same rules of procedure as other litigants).

**III.   Analysis**

Defendant acknowledges that he executed the two promissory notes and received the proceeds of the student loans. Defendant, however, argues that he should only be liable for $6,500— $3,000 and $3,500 from the notes respectively—and not the principal amount given by plaintiff as $7,568.90. In defendant's answer, he characterized the difference between these amounts, $1068.90, as bank fees to process the loans. Defendant also "believe[s] that [he made] 3–4 one hundred dollar [payments] against this loan to one of the early creditors." Defendant did not submit any evidence or affidavits.

Pursuant to Fed. R. Civ. P. 56(e), when a motion for summary judgment is made and

-3-

supported by affidavits, an adverse party may not rest upon mere allegations or denials. Rather, the adverse party's response must set forth specific facts through admissible evidence showing that there is a genuine issue for trial. *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1490 (10th Cir. 1995). In this case, defendant's allegations are only set forth in his responsive pleading. However, because defendant appears *pro se*, the court will consider whether defendant's allegations create a genuine issue for trial.

In support of its motion, plaintiff submitted a certificate of indebtedness from a loan analyst at the Department of Education. This certificate declares that defendant defaulted on the promissory notes and sets forth the amounts defendant currently owes—$7,568.90 for the principal and $7,506.65 in interest.

In response, defendant asserts that he should only be liable for $6,500 and that he believes that he made a few one hundred dollar payments. Defendant acknowledges that he has no documentary evidence to support these claims.

This court previously has held that a defendant's unsupported allegations that she had repaid student loans were insufficient to withstand summary judgment. *See United States v. Distefano*, No. Civ. A. 00-2267-CM, 2001 WL 474303, at *3 (D. Kan. Mar. 27, 2001), *aff'd*, 279 F.3d 1241 (10th Cir. 2002) ("The district court properly determined that [defendant's] claim of repayment was unsupported by the evidence and could not survive summary judgment."). Here, the result is the same. Defendant's conclusory allegations that he should only pay $6,500 and that he made a few payments are insufficient to defeat the present motion for summary judgment. Accordingly, because defendant has failed to produce evidence to create a genuine issue of fact for trial, plaintiff is entitled to summary judgment.

The court hereby finds that defendant is indebted to the United States in the principal sum of

$7,568.90, plus interest of $7,506.65 through February 2, 2007, together with interest accruing at a rate of $1.66 per day until judgment.  The court further finds that defendant is indebted to the United States for interest on the notes after judgment at a rate set forth in 28 U.S.C. § 1961, and $350 for filing fees as allowed by 28 U.S.C. § 2412.

**IT IS THEREFORE ORDERED** that plaintiff's motion for summary judgment (Doc. 9) is granted.  Plaintiff is directed to prepare a judgment, showing the principal amount due and owing, prejudgment interest to the date of this order, and total administrative charges.  Upon receipt of this prepared judgment, the court will review the judgment and, if appropriate, order the Clerk of the Court to enter the judgment.

Dated this 5th day of March 2008, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**